# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SHANON CRUMBLEY,**

    **Plaintiff,**

**v.**                                         **No. 21-cv-0911 SMV**

**JO FOWLER,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER FOR AMENDED COMPLAINT

THIS MATTER is before the Court on its review of pro se Plaintiff's Complaint for the Conversion of Property [Doc. 1], filed on September 15, 2021 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3], filed on September 17, 2021.

### Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915, provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that asserts that the person is unable to pay such fees and that includes a statement of all assets the person possesses.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3]. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months was $2,500; (ii) Plaintiff's monthly expenses total $2,440; and (iii) Plaintiff has $65 in cash and $291 in bank accounts. *Id.* at 1–5. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and because her monthly income only slightly exceeds her monthly expenses. Thus, Plaintiff may proceed *in forma pauperis*.

**The Complaint**[1]

Plaintiff alleges Defendant unlawfully deprived Plaintiff of Plaintiff's property. *See* [Doc. 1] at 3–8. Plaintiff asserts a claim for conversion and claims pursuant to two criminal statutes, 18 U.S.C. § 641 ("Public money, property or records") and 18 U.S.C. § 1503

---

[1] Plaintiff filed her Complaint in this case at the same that that she filed a Notice of Removal in a separate case. *See* [Doc. 1] at 8. The Notice of Removal has been filed in a separate action and will be decided separately. *See New Mexico v. Crumbley*, No. 21-cv-0910 GBW.

("Influencing or injuring officer or juror generally"). [Doc. 1] at 1–2. Plaintiff asserts the Court has federal question jurisdiction over this matter. *Id.*

The Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 641 and 18 U.S.C. § 1503 because they are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.") (citation omitted). The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

The Court does not have federal question jurisdiction over this matter because the allegations in the Complaint fail to state a claim under federal law. Moreover, the Court does not have diversity jurisdiction over this matter because the Complaint alleges that both Plaintiff and Defendant are citizens of and reside in New Mexico. *See* [Doc. 1] at 3. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same

residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Consequently, there is no properly alleged diversity jurisdiction.

This action should be dismissed without prejudice for lack of subject-matter jurisdiction because there is no properly alleged federal question or diversity jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.") (cleaned up).

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim and for lack of jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. Therefore, the Court will grant Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendant at this time because the Complaint fails

to state a claim over which the Court has jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service that provides Defendant's address.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3], filed on September 17, 2021, is **GRANTED.**

**IT IS FURTHER ORDERED** that, no later than **October 15, 2021**, Plaintiff file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**