IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANON CRUMBLEY,

      Plaintiff,

v.                                                               No. 2:21-cv-00911-KWR-SMV

JO FOWLER,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's First Amended Complaint for the Conversion of Property by Fraud and Intentional Falsification of Records, Doc.8, filed October 12, 2021 ("Amended Complaint").

**Background**

After reviewing Plaintiff's original Complaint, United States Magistrate Judge notified Plaintiff that:

> The Court does not have federal question jurisdiction over this matter because the claims based on federal law fail to state a claim. The Court does not have diversity jurisdiction over this matter because the Complaint alleges that both Plaintiff and Defendant are citizens of and reside in New Mexico.

Order for Amended Complaint at 3, Doc. 7, filed September 24, 2021. Judge Vidmar ordered Plaintiff to file an amended complaint.

The Amended Complaint asserts a claim of conversion alleging that Defendant wrongfully took possession of Plaintiff's Peterbilt truck and lowboy trailer. *See* Amended Complaint at 6, ¶ 10. The Amended Complaint states the Court has federal question jurisdiction over this matter pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, and 49 C.F.R. § 1570.5. *See* Amended Complaint at 2, ¶¶ 4-5.

**False Claims Act**

The Amended Complaint fails to state a claim pursuant to the False Claims Act which makes liable to the United States for a civil penalty and damages:

any person who—

**(A)** knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

**(B)** knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

**(C)** conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

**(D)** has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

**(E)** is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

**(F)** knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

**(G)** knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

31 U.S.C. §§ 3729(a)(1). There are no allegations that Defendant submitted an incorrect description of goods provided to the United States or that she requested reimbursement for goods or services she never provided. *See United States v. The Boeing Company*, 825 F.3d 1138, 1148 (10th Cir. 2016) ("A payee makes a factually false claim by either (1) submitting an incorrect description of the goods or services provided; or (2) requesting reimbursement for goods or

services never provided"). Furthermore, Plaintiff did not bring this action in the name of the Government, has not indicated that she served on the Government a copy of the complaint and written disclosure of substantially all material evidence and information she possesses, and has not filed the Amended Complaint in camera as required by the False Claims Act, 31 U.S.C. §§ 3730(b)(1-2). The Court dismisses Plaintiff's claim pursuant to the False Claims Act for failure to state a claim.

**49 C.F.R. § 1570.5**

> Plaintiff alleges Defendant violated 49 C.F.R. § 1570.5 which provides:
>
> No person may make, cause to be made, attempt, or cause to attempt any of the following:
>
> (a) Any fraudulent or intentionally false statement in any record or report that is kept, made, or used to show compliance with the subchapter, or exercise any privileges under this subchapter.
>
> (b) Any reproduction or alteration, for fraudulent purpose, of any record, report, security program, access medium, or identification medium issued under this subchapter or pursuant to standards in this subchapter.

49 C.F.R. § 1570.5, Fraud and intentional falsification of records (a General Rule regarding Maritime and Surface Transportation Security). Plaintiff alleges that Defendant "intentional[ly] falsifi[ed] records by falsely claiming ownership to the IRS and the [Federal Motor Carrier Safety Administration] as a sole proprietor LLC to assets that already belong to Crumbley Trucking LLC while we are pending a final resolution of marriage." Amended Complaint at 9-10, ¶22.

The Amended Complaint fails to state a claim pursuant to 49 C.F.R. § 1570.5, because 49 C.F.R. § 1570.5 does not create a private right of action. The Court of Appeals for the Tenth Circuit has stated that:

> the Supreme Court "will rarely recognize an implied private cause of action arising from a mere regulation." *Hanson v. Wyatt,* 552 F.3d 1148, 1157 (10th Cir.2008) (citing *Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander,* 532 U.S. at 286, 121 S.Ct. 1511. "Statutory intent" to create a private remedy "is determinative." *Alexander,* 532 U.S. at 286, 121 S.Ct. 1511. "Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286–87, 121 S.Ct. 1511. In short, "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Id.* at 291, 121 S.Ct. 1511.

*McKenzie v. U.S. Citizenship and Immigration Services, Dist. Director*, 761 F.3d 1149, 1157 (10th Cir. 2014). The Court dismisses Plaintiff's claim pursuant to 49 C.F.R. § 1570.5 because there is no language in 49 C.F.R. § 1570.5 indicating that Congress intended to create a private right of action.

Because it is dismissing Plaintiff's claims pursuant to the False Claims Act claim and 49 C.F.R. § 1570.5, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i)   Plaintiff's claims pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, and 49 C.F.R. § 1570.5 are **DISMISSED WITHOUT PREJUDICE.**

(ii)  This case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**

4